The last case for argument is 24-1484, Gibson v. Security and Exchange Commission. Good morning, Mr. Breuder. May it please the Court, Peter Breuder for the appellate. This is a government personnel case. It's good to be back in law school again. Some of you are going to find this is the exact position in 50 years, you'll see. So, this involves the Breuder decision. The facts are relatively uncomplicated. The case has an interesting procedural posture. It was appealed to the American Citizens Protection Board. My good friends at the Securities and Exchange Commission, the government counsel sitting right there, defended the case. It involved an indefinite suspension based upon the temporary loss of a security clearance. And it was assigned to an administrative judge who put the case on hold to see what would happen to that clearance. If the clearance was lost forever, that was the end of the case because the employee would have been fired. But the employee lucked out. The clearance came back. And so the employee, after the period that the board essentially put the case on suspension, was in the position of saying, what do we do now? Well, what they had to do was to determine whether the clearance had been properly suspended. But the case took an interesting turn because after the clearance had been returned to the employee, the agency sent out a notice that the employee was going to be reassigned out of her position in the personal security branch of the agency to a management analyst position someplace else. So essentially she took on a somewhat different career at the SEC. The judge who determined that she did not have a case with respect to the reassignment had to apply the Breuer case, which this court had decided many years ago. And my friends at the SEC used a very interesting procedure. I hadn't seen it done before. I have to compliment them for their ingenuity. They moved to dismiss the appeal that placed before the board the question of the reassignment of a file. This is interesting because I thought you had an absolute right to amend the appeal. But the judge voted differently, and the judge said the appeal was not well-founded and determined that the board would not consider that reassignment. Now that judge, however, did not actually adjudicate the main body of the case, which was the propriety of the indebted suspension. Another judge did, but she did not consider the question of the reassignment. So the second judge, Judge Merrick, ruled against this on the merits. And the case, as the reassignment, had been tossed by the initial administrative judge, Judge Meagher. So we filed a petition for review with the board on that. And the board went into suspended animation for about five years for lack of a quorum, reassembled, and then considered the case but couldn't decide the case because they only had two members. The chairman decided to recuse herself. I don't know why. And that was the end of our little petition for review. So here we are. We're here in Boston to talk about this reassignment and the rationale for the first determination by Judge Meagher that he did not have jurisdiction, the board did not have jurisdiction over that reassignment. So I am thoroughly confused here. The judge's analysis is very terse. Well, we're talking about the foundation for your argument is Brewer, right, which is a pretty old case of ours. Is it 1985? And that broke kind of new ground, right? Yes. Okay. And that involved a circumstance, as I recall, where there was a demotion and a transfer. And both of those were bundled in the same case involving the same set of circumstances that were the underpinning for both the demotion and the transfer. So it almost seems like an efficiency kind of thing. The board's going to decide one thing. It might as well do both. It's the same thing. Why is this case not significantly different than Brewer? It is different whether it's significant or not. Well, consequentially different than Brewer. In other words, that it's distinguishable from Brewer because the facts that drove Brewer were the similarity not just of the underlying facts but of the facts that were driving the decisions. Whereas here, you've got a unique circumstance, which is a security clearance. So for her to appeal her security clearance, what she can do to the board, it's very limited. They can't second-guess the grant or the denial of a security clearance. They can just make sure a process was followed. I mean, her main argument, and you can correct me if I'm wrong, but her main argument, as I recall, was this position didn't even need a security clearance. That was her argument, I suppose. Okay. So the point being that in order to adjudicate her claim about the security clearance, it did not require an examination or consideration of the facts and circumstances that were the underpinnings of the denial of her security clearance. That's true. And those are the facts that drive the reassignment. So isn't that enough to say this is significantly and consequentially different than Brewer because there's no real overlap because this adjudication of the security clearance doesn't derive from the underlying facts, an adjudication of the underlying facts and circumstances? Judge, of course, that's a long question with a long answer. There's a chain of being here. There was an investigation based upon the relationship of the appellant with his fellow drawer. The investigation determined that Ms. Gibson had incorrectly stated on her SF-86, which is essentially a clearance application, some of the factors relating to that relationship. The result of that was a notice of proposed action, a NOPA, as they call it in the trade, to revoke the clearance. The clearance was actually restored. Then, however, the agency takes basically the same factual situation, not precisely the same facts, but very close to the relationship with drawer and say, okay, we're going to put you back to work, but in a different job. And here's the reasons why. And the chief operating officer of the SEC and his personnel officers issued a couple of notices where they essentially recited the same underlying facts. So the circumstances are different, but the clearance has very little to do with it at this point. The clearance drops out because the board has to deal with this reassignment as part of a continuum of appellant. And that's where we and our friends at the commission and the administrative judge of the board, the very brief decision of this judge, Judge Niebuhr, and it's at page 23 of the appendix. I mean it's one paragraph. And he says in contrast with the facts of Brewer, he talks about the security clearance. Now we can't get involved in the security clearance, and then he decides, therefore we really can't take a look at the associated penalty of the reassignment. But the loss of the security clearance is not determined in the clearance. It's an adverse action like so many other adverse actions that you hear on occasion from the board. It's just one basis for an adverse action. The facts are a continuum with minor exceptions from the very initiation of the investigation to the determination that Ms. Gibson had to be reassigned her position as a security specialist to a management analyst. So with respect, I disagree that the security clearance is determined in order, according to this judge, to get involved in the facts of the clearance. We have to examine the security clearance. You don't have to worry about the clearance. All you have to worry about is the reasons leading to it and the reasons following it, which are exactly the same. The relationship with Mr. Crawford, if I can make myself clear. Why shouldn't we see this case as whether there's a unitary penalty, some sort of unitary overlap, sufficient overlap between the suspension and the reassignment is a factual question. And as the case comes to us, we just have to determine, is there substantial evidence to support the idea that they're not unitary? The problem is the lack of analysis in the case. The judge could have, and I suggest could have, might have, did not find on those facts. I mean there is no undermining fact determination here. So we just don't have a finding? Right. That's the problem here. The judge's analysis was so truncated. He didn't say, look, I'm not going to wait to have the security clearance. But if you persist, we're going to take a look at exactly what were the factors that we're going to know from and compare them to the reassignment notice, and maybe there were some differences, and I think the differences were significant, and then it becomes a substantial evidence claim. So should we consider remanding for that factual analysis? Because I think you're asking us for more than that. You want us to remand it to determine if the reassignment was proper. But maybe we should remand it and let the board decide if it's not meeting the Brewer standard of a unitary penalty. Well, then they do lack jurisdiction. I agree. I agree. You know, it would be nice if we could just end this case now and defer it to the favor of our friend Ms. Gibson. That ain't going to happen. This case has been going on for a long time. Cadet, speaking of that, what's the relief you would get? Are you seeking any kind of back pay relief, or is it simply reinstatement to the position that she otherwise would have held? It would be neither, Judge Costa. The proper approach, I think, here is to remand it to the board so they can conduct the fact-finding necessary to apply the efficiency of service standard under the statute and then determine. And then they won't determine. Wait, you're talking about for them to adjudicate the reassignment by itself, having nothing to do with the security clearance. Well, they can't do that in a vacuum, Your Honor. They have to examine what the facts were. That didn't happen here. There has to be a factual analysis. Now, there is another possibility. The MSPB could, and this would even prolong this more, but they could send it back to our friends at the Securities and Exchange Commission and say, well, why don't you guys just decide what you'd like to do now, give her due process, a reply right, and maybe you can work things out. That's a possibility, but I don't know that it's compelled under the law to serve. The board would have to make that determination, Your Honor. But what is the end, end, end game? If she were to prevail at all of this, what kind of relief happens at this stage of the game? If she were to prevail and if her claim was to be accepted and she was to be believed, then the efficiency of the service standard would not be met with respect to her reassignment. Our friend, Ms. Gibson, would return to her position in the personnel security division of the Securities and Exchange Commission, assuming it still exists. I was just going to say that. What if it doesn't exist anymore? I can't answer that. There are so many questions I can't answer. Okay, I appreciate that. Why don't we save the rest of your rebuttal moments here for later?  I don't have a lot to say. Good morning. Your Honor, may it please the Court. We agree with my colleague on the other side. This is a question of board jurisdiction. This is a Brewer question. And the board, as we know, has jurisdiction over a limited range of personnel actions. In this case, the board had jurisdiction over Ms. Gibson's suspension from her position. And that's not an issue before the Court today. What is your response to opposing counsel's suggestion that we needed to do a remand focused on some additional factual items? Do you have a response to that? That would be unnecessary, Your Honor. To look at the administrative judge's decision, which is at appendix page 23, I want to make sure that we're keeping the three personnel actions that are at issue separate here. The administrative judge says, in contrast to Faxon Brewer, the agency's adverse action in this case was not based on misconduct, but rather on the appellant's disqualification resulting from the suspension of her security clearance. The description or the analysis is short in a number of words because the reason for Ms. Gibson's suspension from her position was simple. It was the suspension of her security clearance, which was a requirement for her to conduct duties of a personnel security specialist. If she doesn't have a security clearance, she can't be admitted. So the nature of the board's review of the removal of security clearance is very limited, right? What would the board's review of that determination be? Yes, that's correct, Your Honor. When the board did review Ms. Gibson's suspension from her position, which was the appealable action, the board determined a simple test. Did her position require security clearance? Yes, it did. Was her clearance revoked or suspended? Yes, it was. Was proper procedure followed? Yes, it was. And that was the extent of the board's review. The issue here is that we're trying to mix the reasons and justifications for the suspension and the security clearance itself, not the suspension from her position, with then the action that the agency took months later after a full adjudication of Ms. Gibson's security clearance by FEMA, during which additional misstatements and inaccuracies arose. Then at that time, the agency determined to reassign Ms. Gibson to a new position. So my colleague noticed that I mentioned that these are not precisely the same facts, that the circumstances are different between these decisions. That is exactly correct. When the agency decided to reassign Ms. Gibson following the positive result of her security clearance adjudication, the agency relied not only on the facts of the misstatements under SF-60 before entering employment, but also on misstatements, inaccuracies that arose during the investigation itself. So new facts before the agency would determine that Ms. Gibson was not suited to maintain the position of personnel security specialist, which would be reassigned. And for that reason, the contrast with the facts of Brewer is very stark, that the Brewer two personnel actions were in the same document, in the header of the document saying reassignment and reduction in pay, reassignment and reduction in grade, rather, in the same document at the same time. Here there was a gap of months, different deciding officials, different documents, different sets of facts before the agency at the time that it made the two different decisions. So is part of your argument regarding whether or not the suspension and reassignment arise out of different facts related to the SEC providing different reasons when it suspended Ms. Gibson versus when it had her reassigned? Yes, Your Honor. The question is, the test for Brewer is whether it's the same set of circumstances. And we take that to mean what was before the agency at the time it made this decision. And when the agency made the decision to suspend Ms. Gibson from her position, that is the appealable action, the agency said, you don't have a security clearance anymore. That was the facts before the agency. Then later, months later, after the security clearance was restored, the agency had a different set of facts, some of the same misconduct from beforehand, but also new misconduct or, I should say, inaccuracies, statements that indicated a lack of trustworthiness on Ms. Gibson's part that arose during the adjudication. And under that set of circumstances, the agency determined, we don't want you to stay in the same position. We're going to transfer you with the same pay and the same grade to the management analyst, I believe, position. And so as Judge Stark mentioned earlier, this is a question really of facts, what are the facts of these two underlying two penalties. You see, I understood the question somewhat differently. I mean, let's assume hypothetically then that the facts were the same, that after she got her security clearance back, somebody looked back at the folder and say, hey, I don't want this person in this job, I'm going to reassign them. Would Brewer then apply? Because I thought the government's position was Brewer wouldn't apply because we're looking at what the board had to adjudicate. And in adjudicating a security clearance, the board doesn't have to look at the underlying facts. That has nothing to do with the adjudication before the board, whereas it's completely different for reassignment. Yes, that is correct. There are multiple reasons why this penalty, why these two actions taken by the agency are not unified. And one of them is the difference in the factual basis. Another is the fact is just that these are taken at different times for different reasons. There's a tendency to muddle, even for myself, to muddle these two suspensions of the suspension of the security clearance and the suspension from her job. And yes, the suspension from her job has the sole basis of no security clearance, you cannot do the work of this position. And that basis has zero overlap with the reasons given later for the reassignment from her position. So even if the reasons for reassignment to the new position were some of the same misconduct that supported the suspension of security clearance in the first place, it's still not the same penalty. It's still not the same actions that are being challenged. The suspension from the job was the appealable action that gave the board jurisdiction. The question is, can the board extend that jurisdiction to the reassignment? You say there was no overlap and that it was a different time frame, different facts. But does the board make those findings or is that just something you're essentially asking us to find based on this is what the record looks like? So the board made the decision, again, Appendix 23, saying that there is no overlap in the facts here. The same statement I quoted before, in contrast to Brewer, the suspension was taken for a simple reason, no security clearance. Here she's challenging a reassignment. You're reading a finding of no overlap into that one sentence on 23, right? So yes, I suppose there aren't that many words needed to say there is no overlap. But at the end of the day, the fact findings that we need to review are just that first full sentence on 823 in contrast to the facts. Well, the board in the previous pages does recount the facts of the case and the sequence of events when the agency took the various actions. And that sentence on page 23 is the board's conclusion that there is no overlap between these two sets of justification. And we should review that finding for substantial evidence? Well, there's substantial evidence that supports that, yes. The board does have the alternative finding after that, even assuming that she could challenge based on the reasons for the security clearance. The board in the alternative holds that there is a limited scope of review for the security clearance on that ground as well. If there are no further questions, we'd ask the court to affirm that as a case decision.  Your Honors, thank you for allowing me the rebuttal time. So much emphasis in this case was on the security clearance. Why? Because it was a security clearance case. It didn't start out as a unified penalty case. It became a unified penalty case when after the clearance was restored, the agency, reciting basically the same basis that was recited in the NOPA, decided that Ms. Gibson had to be reassigned. Unfortunately, the administrative judge's analysis is very truncated. Were the actions separated in time? You bet they were. Ms. Gibson was taken out of the job temporarily because of the clearance problem in approximately December of 2014. She was put back in the job in October of 2015, and she got no back pay. These are very serious problems for federal employees because of the lack of back pay. But then she was essentially taken out of her career path. Are there minor factual differences? Sure. There are a couple of statements with respect to why Ms. Gibson was reassigned that were not contained in the NOPA. But the golden thread that links all this is the relationship between Gibson and Drawhorn and the other minor differences in no way diminish the focus of what happened to Ms. Gibson and why. That's the best I can do with this case. Unfortunately, the judge's, the administrative judge's analysis is too truncated to make much with one way or the other. I appreciate the government's position. I just think that they're incorrect. I ask that you remand the case to the board when it finally gets reconstituted someday so they can decide the case. Thank you. Thank you. We thank both sides. The case is submitted, and that concludes our proceedings this morning.